UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
MILTON MUSA PACHECO,

                          Plaintiff,

        -v.-                                      9:05-CV-0998
                                                               (LEK)(RFT)

MARIO DEACEVEDO, *et al.*,

                          Defendants.
--------------------------------------------------------------------------

**APPEARANCES:**                                    **OF COUNSEL**:

MILTON MUSA PACHECO
Plaintiff, *pro se*
79-B-0064
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ANDREW M. CUOMO                       JAIME IRENE ROTH, ESQ.
Attorney General of the State of New York  Assistant Attorney General
The Capitol
Albany, New York 12224

RANDOLPH F. TREECE, U. S. MAGISTRATE JUDGE

## ORDER

      Presently before this Court is a Motion to Compel Discovery by *pro se* Plaintiff Milton Pacheco.[1] Dkt. No. 49. Defendants oppose this Motion. Dkt. No. 52.

      Plaintiff brings this Motion relative to Interrogatories, dated November 20, 2006, Request for Production of Documents, dated November 20, 2006, Requests for Admissions, dated November 20, 2006, and Notices of Depositions Upon Written Questions to Dr. Rubinovich and Bowman, dated November 22, 2006.[2] Dkt. No. 49, Exs. 1-2. Plaintiff has also attached to his Motion a letter to Defendants' counsel, dated December 8, 2006, seeking responses to Plaintiff's

---

[1] Plaintiff has filed three other actions in this District that he has fully litigated.

[2] Neither doctor is a party to this action. Plaintiff also included in his discovery a Notice regarding the physicians he anticipates calling at trial, as required by the Pre-trial Scheduling Order.

various discovery demands. Dkt. No. 49, Ex. 3. Plaintiff seeks to compel responses to all of these demands that he asserts have gone wholly unanswered. Plaintiff further asserts that the Defendants should have sought an extension of the discovery deadline in the Pre-trial Order in order to have sufficient time to respond to his demands.

Defendants assert that Plaintiff served the discovery demands too late for Defendants to respond to them in compliance with the Pre-trial Scheduling Order. Dkt. No. 52. Defendants also submit a letter, dated December 5, 2006, wherein they advised Plaintiff that his demands were untimely and that the Defendants were not going to respond to them. Dkt No. 52, Ex. C. In addition, the December 5, 2006 Letter points out that Drs. Rubinovich and/or Bowman are not parties to this action. Thus, service of the Notice of Depositions Upon Written Questions upon Defendants' counsel was not sufficient to compel the physicians to respond to same. *Id.*

The Pre-trial Scheduling Order set December 15, 2006 as the discovery deadline. Dkt. No. 41.[3] The Pre-trial Order issued in this case clearly states that the discovery deadline was the date by which discovery was to be completed. Likewise, Local Rule 16.2 states that:

> The "discovery cut-off" is that date by which all responses to written discovery . . . . shall be due according to the Federal Rules of Civil Procedure . . . . [Parties] are advised to initiate discovery requests . . . sufficiently in advance of the cut-off date to comply with this Rule. Discovery requests that call for responses . . . after the discovery cut-off will not be enforceable except by order of the court for good cause shown.

Here, Plaintiff served discovery demands on Defendants' counsel twenty-four (24) to twenty-six (26) days prior to the close of discovery. According to the Federal Rules of Civil Procedure, the response time for such demands is thirty (30) days. *See* FED. R. CIV. P. 33, 34, & 36. Accordingly, Plaintiff did not permit adequate time for responses and thus they were not

---

[3] Plaintiff filed an appeal objecting to the Pre-trial Scheduling Order (Dkt. No. 42) that was denied by the Honorable Lawrence E. Kahn, United States District Judge (Dkt. No. 48).

timely served.  At no time, either before or after his appeal regarding the Pre-trial Order was decided, did Plaintiff seek an extension of the discovery deadline from the Court.  While Plaintiff complains that the Defendants failed to request an extension of the discovery deadline, we note that it is the obligation of the party seeking to serve the discovery to request an enlargement of the discovery deadline, not the party being served with the demands.  Thus, Plaintiff's Motion with respect to the November 2006 Demands must be **denied**.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion to Compel Discovery (Dkt. No. 49) is **denied**; and it is further

ORDERED, that the dispositive motion filing deadline shall be set at June 15, 2007; and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Date:   April 9, 2007
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge