**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MILTON MUSA PACHECO,

                              Plaintiff,

        - v -                                                      Civ. No. 9:05-CV-998
                                                                             (LEK/RFT)

MARIO De ACEVEDO, *et al.*,

                              Defendants.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

MILTON MUSA PACHECO
79-B-0064
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004

HON. ANDREW M. CUOMO                   RISA L. VIGLUCCI, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## ORDER

      Upon a review of the Docket Report for this action, the Court noticed that the Summons issued for Defendant Focunier was returned unexecuted on December 21, 2005, with an explanation that there is no employee at the Clinton Correctional Facility by that name. Dkt. No. 20. Because it was unclear what efforts Plaintiff undertook to ensure that Defendant Focunier is properly joined in this action, we directed Plaintiff to file an affidavit detailing such efforts, establishing whether he intends to pursue his action against this Defendant, and showing good cause for his failure to timely effectuate service of process on Defendant Focunier. Dkt. No. 65, Order, dated June 12, 2007.

On July 5, 2007, Plaintiff complied with this Court's directives and filed an "Affirmation." Dkt. No. 70, Milton M. Pacheco Affirm., dated July 2, 2007. In his Affirmation, Plaintiff details his endeavor to have service properly effectuated on Defendant Focunier. As a result of that effort, he discovered that this Defendant's name is actually "Brad Fournia," who was a corrections officer at Clinton Correctional Facility on or about January 24, 2003. *Id*. at ¶¶ 6 & 8. This misnomer certainly explains why efforts to serve this individual were thwarted.

We acknowledge that despite Plaintiff's efforts to ascertain the proper address for this Defendant, it was actually the Court's prodding that enabled Plaintiff's discovery. Plaintiff does not state when he realized he misnamed the Defendant, nor what effort he took to correct such oversight. Nevertheless, ever mindful of Plaintiff's *pro se* status, and in light of the information contained in Plaintiff's Affirmation, we find that he has satisfactorily set forth the efforts undertaken to ensure proper service and has provided good cause for why this Defendant was not served within the time frame set by the Federal Rules and later extended by this Court. Thus, for good cause shown, the Court will extend the time within which Plaintiff must properly effect service upon the Defendant. We further direct the Clerk of the Court to amend the caption of the case and issue a summons for service upon Brad Fournia.[1]

We note that discovery in this action is closed. However, after Brad Fournia is served with process and joins issue in this matter, we will allow a **brief** discovery period, **which shall be limited to claims asserted only against Mr. Fournia**. No discovery may be sought regarding any other issue or Defendant. Once issue is joined by Mr. Fournia, the Clerk is directed to forward this matter to this Court so that scheduling deadlines for discovery and motions to compel may be set, as to

---

[1] In directing service of process on Brad Fournia, the Court takes no position on the merits of Plaintiff's claims against this Defendant.

Defendant Fournia **only**, and a new dispositive motion filing deadline for all parties.[2]

**WHEREFORE**, after due consideration, it is hereby

**ORDERED**, that the Court finds that Plaintiff has provided good cause for his failure to timely serve Defendant Focunier in this action and extends the time for service on this Defendant to March 25, 2008. Plaintiff is warned that it is his responsibility to ensure proper service. Should he fail to serve a Defendant within the time frame established by the Court, any claims against such Defendant may be dismissed; and it is further

**ORDERED**, that the Clerk shall amend the caption of this case to reflect the correct spelling of Defendant Focunier's name as "Brad Fournia;" and it is further

**ORDERED**, that Plaintiff shall provide the Court with a completed USM-285 Form for service on Defendant Fournia; and it is further

**ORDERED**, that the Clerk shall issue a summons for Defendant Brad Fournia and forward it, along with a copy of the Plaintiff's Complaint,[3] to the United States Marshal for service; and it is further

**ORDERED**, that a formal response to Plaintiff's Complaint be filed by Defendant Fournia, or his counsel as provided for in Rule 12 of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that upon Defendant Fournia's joinder of issue in this matter, the Clerk shall forward this matter to the undersigned so that scheduling deadlines can be established; and it is

---

[2] The Court has held in abeyance the re-scheduling of the dispositive motion deadline pending resolution of Plaintiff's appeals to the District Judge of discovery orders issued by this Court. Dkt. No. 66. Though the appeals have been resolved, a Motion for Reconsideration of such resolutions is currently pending before the District Judge. *See* Dkt. Nos. 76-78. The Court directs service of Defendant Fournia to proceed regardless of the pending motion before the District Judge.

[3] To expedite matters, the Court requests that the Clerk provide a copy of the Complaint to the Marshals.

further

   **ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties to this action.

**IT IS SO ORDERED**.

Date: January 24, 2008
   Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge