UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MILTON MUSA PACHECO,

                    Plaintiff,

   -against-                                9:05-CV-0998
                                                      (LEK/RFT)

MARIO DE ACEVEDO, *et al.*,

                    Defendants.

## **DECISION AND ORDER**

Currently before the Court are a Motion for Reconsideration of an Order issued by Judge Lawrence E. Kahn on December 17, 2007, and Partial Objections to a pre-trial Order issued by Magistrate Judge Randolph F. Treece on January 24, 2008. Motion (Dkt. No. 77); Judge Kahn Order (Dkt. No. 76); Objections (Dkt. No. 81); Judge Treece Order (Dkt. No. 79).

**I.    Plaintiff's Motion For Reconsideration**

On January 2, 2008, Plaintiff filed a Motion for Reconsideration of the Court's December 17, 2007 Order, which upheld Judge Treece's pretrial non-dispositive Orders dated April 9 and June 11, 2007. Motion (Dkt. No. 77); Order (Dkt. No. 76).

The standard for granting a motion for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiff claims that this Court's Order committed prejudicial errors by deciding "important federal questions in a way that conflicts with relevant decisions of the U.S. Supreme Court. . . and

1

the U.S. Court of Appeals for the Second Circuit." Dkt. No. 77. However, the Court is unaware of and Plaintiff fails to point out any overlooked controlling decision which may reasonably be expected to alter the Court's resolution of the matter.

Further, upon review of Plaintiff's Motion and the record, the Court does not find any evidence not previously considered which may alter the Court's conclusion. The Court, at all times, has been cognizant of Plaintiff's *pro se* status, and, in its prior decision, thoroughly reviewed Judge Treece's Orders denying Plaintiff's Motion to compel and request for an extension of discovery deadlines. The Court found Judge Treece's decisions "well-justified and supported by law," and does not find any evidence not previously considered which may reasonably be expected to alter that conclusion. Dkt. No. 76 at 3.

Additionally, Plaintiff incorporates by reference all prior objections. Dkt. No. 77. However, these objections, because they were previously raised and considered by the Court, are not a sufficient basis for reconsideration.

## II.    Plaintiff's Partial Objections

On February 14, 2008, Plaintiff filed partial Objections to Magistrate Judge Treece's January 24, 2008 Order, which amended the docket to reflect the correct spelling of Defendant Fournia's name and, once Defendant Fournia was properly served with process and joined issue in the matter, allowed for a brief period of discovery regarding only Defendant Fournia. Objections (Dkt. No. 81); Order (Dkt. No. 79). Judge Treece's decision was "mindful of Plaintiff's *pro se* status," and was made in light of the information contained in Plaintiff's July 2, 2007 affirmation, which detailed the efforts put forth by Plaintiff to properly serve Defendant Fournia. Dkt. No. 79 at 2. However, Judge Treece noted that "discovery in this action is closed" and that "[n]o discovery

2

may be sought regarding any other issue or Defendant." Dkt. No. 79 at 2.

Plaintiff objects to the issue that "[n]o discovery may be sought regarding any other issue or Defendant" and incorporates by reference all prior objections regarding discovery matters. Dkt. No. 81.

In reviewing objections to a magistrate judge's non-dispositive order, under Fed. R. Civ. P. 72(a), "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." See also Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990) (noting that matters concerning discovery are reviewed by the District Court under the "clearly erroneous or contrary to law" standard).

This Court finds that Judge Treece's Order permitting Plaintiff a brief period of discovery as to only Defendant Fournia is neither clearly erroneous nor contrary to law. Plaintiff also has not shown any sufficient cause for extending discovery beyond Defendant Fournia. In addition, the Court finds no conflict with relevant rulings from the U.S. Supreme Court or U.S. Court of Appeals for the Second Circuit.

**III. Conclusion**

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's Motion for Reconsideration (Dkt. No. 77) is **DENIED**; and it is further

**ORDERED**, that the December 17, 2007 Order (Dkt. No. 76) is **UPHELD**; and it is further

**ORDERED**, that Plaintiff's February 14, 2008 Objections (Dkt. No. 81) are **DENIED**; and it is further

3

**ORDERED**, that the January 24, 2008 Order (Dkt. No. 79) is UPHELD; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**.

DATED: June 20, 2008
         Albany, New York

Lawrence E. Kahn
U.S. District Judge