UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MILTON MUSA PACHECO,

                          Plaintiff,

v.                                                                     9:05-CV-0998
                                                                     (GTS/RFT)

JOHN MITCHELL; BRAD FOURNIA;
DALE ARTUS; J. ROCK; and J. WHITE;

                          Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

MILTON MUSA PACHECO, 79-B-0064
  Plaintiff, *Pro Se*
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. ERIC T. SCHNEIDERMAN                      C. HARRIS DAGUE, ESQ.
Attorney General for the State of New York          Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

### DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Milton Musa Pacheco ("Plaintiff") pursuant to 42 U.S.C. § 1983, is United States Magistrate Judge Randolph F. Treece's Report-Recommendation recommending that Defendants' second motion for summary judgment be denied and this case be deemed trial ready as to Plaintiff's Eighth Amendment return-to-work claims against Defendants John Mitchell, Dale Artus, Brad Fournia, J. Rock, and J. White.  (Dkt. No. 127).  No party has filed Objections to the Report-Recommendation, and the deadline by which to do so has expired.  (*See generally* Docket

Sheet.) For the reasons set forth below, Magistrate Judge Treece's Report-Recommendation is accepted and adopted in its entirety, and Defendants' second motion for summary judgment is denied.

## I. RELEVANT BACKGROUND

On March 31, 2010, the Court issued a Decision and Order granting in part and denying in part Defendants' motion for summary judgment. (Dkt. No. 105.) More specifically, the Court dismissed all of Plaintiff's claims except his Eighth Amendment return-to-work claims against Defendants Rock, White, Fournia in their individual capacities. (*Id*.) The Court also afforded Defendants an opportunity to file a second motion for summary judgment with regard to Plaintiff's Eighth Amendment return-to-work claims against Defendants Rock, White, Fournia in their individual capacities based on "the apparently inadvertent nature of Defendants' decision to not move for dismissal of [these claims]." (*Id*.)

On May 26, 2010, Defendants' filed a second motion for summary judgment. (Dkt. No. 111.) In their motion, Defendants argued as follows: (1) Defendants White and Fournia were not present when Plaintiff was allegedly forced to work, and therefore they are entitled to summary judgment; (2) Plaintiff has failed to establish that Defendants violated his Eighth Amendment rights by sending him to work, and the record demonstrates that Defendants were not aware of a medical 'no work' permit excusing Plaintiff from his work detail; and (3) Defendants are entitled to qualified immunity because, without a valid "no work" permit, Defendants conduct was that of a similarly situated reasonable correction officer. (*Id*.) On July 21, 2010, Plaintiff submitted his response in opposition to Defendants' second motion for summary judgment. (Dkt. Nos. 118.)

Meanwhile, on May 24, 2010, after being granted an extension of time in which to do so,

Plaintiff had filed a motion for reconsideration of the Court's Decision and Order of March 31, 2010. (Dkt. No. 110.) On August 24, 2010, the Court issued a Decision and Order granting in part and denying in part Plaintiff's motion for reconsideration. (Dkt. No. 120.) More specifically, the Court (1) granted Plaintiff's motion with regard to his return-to-work claims against Defendants Artus and Mitchell, reinstating these two individuals as Defendants in this action, and (2) denied the remainder of Plaintiff's motion. (*Id*.) In doing so, the Court granted Defendants until September 17, 2010, to supplement their second motion for summary judgment so as to move for summary judgment with regard to Plaintiff's return-to-work claims against Defendants Artus and Mitchell. (*Id*.) However, despite having been granted two subsequent extensions of time in which to do so. Defendants failed to so supplement their second motion for summary judgment. (*See generally* Docket Sheet.)

On March 31, 2011, Magistrate Judge Treece issued a Report-Recommendation recommending that Defendants' second motion for summary judgment be denied, and that this case be deemed trial ready as to Plaintiff's Eighth Amendment return-to-work claims against Defendants Mitchell, Artus, Fournia, Rock, and White. (Dkt. No. 127.) Familiarity with the particular reasons supporting Magistrate Judge Treece's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for the review of the parties. As of the date of this Decision and Order, no party has filed Objections to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

For a more detailed recitation of the procedural history of this action, as well as Plaintiff's Eighth Amendment return-to-work claims and the factual allegations that support those claims the Court refers the reader to the Complaint in its entirety, Part I of the Court's Decision and Order of March 31, 2010, and Part I of Magistrate Judge Treece's Report-

3

Recommendation.  (Dkt. Nos. 1, 105, 127.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  See 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments made in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice.  See *Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court

---

[1]  On *de novo* review, "[t]he judge may . . . receive further evidence. . . ."  28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2]  *See also Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

        **B.**      **Standard Governing a Motion for Summary Judgment**

Because both the Court's Decision and Order of March 31, 2010, and Magistrate Judge Treece Report-Recommendation of March 31, 2011, correctly recite the legal standard governing a motion for summary judgment, the Court will not repeat that legal standard in this Decision and Order, which (again) is intended primarily for the review of the parties. (Dkt. No. 105 at 13-16; Dkt. No. 127 at 4-5.)

**III.**    **ANALYSIS**

Because no party has filed Objections to Magistrate Judge Treece's Report-Recommendation and the time in which to do so has expired, the Court need review the Report-Recommendation for only clear error, pursuant to the standard or review recited above in Part II.A. of this Decision and Order. After doing so, the Court concludes that Magistrate Judge Treece's Report-Recommendation is not clearly erroneous. Magistrate Judge Treece employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. The Court would add only that Magistrate Judge Treece's thorough and correct Report-Recommendation would survive even a *de novo* review.

ACCORDINGLY, it is

ORDERED that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 127) is ACCEPTED and ADOPTED in its entirety; and it is further

ORDERED that Defendants' second motion for summary judgment (Dkt. No. 111) is DENIED; and it is further

ORDERED that Pro Bono Counsel be appointed for the Plaintiff for purposes of trial only; any appeal shall remain the responsibility of the plaintiff alone unless a motion for appointment of counsel for an appeal is granted; and it is further

ORDERED that upon assignment of Pro Bono Counsel, a final pretrial conference be scheduled in this action with the undersigned, at which time the Court will schedule for trial Plaintiff's Eighth Amendment return-to-work claims against Defendants Mitchell, Artus, Fournia, Rock, and White. The parties are directed to appear at the final pretrial conference with settlement authority.

Dated: June 14, 2011
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge